IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BONNIE DURHAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00406-P-BP |
| § | |
| DEPARTMENT OF VA and § | |
| ROBERT WILKIE, § | |
| Secretary, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Plaintiff's Complaint, ECF No. 1, filed on May 17, 2019 by Bonnie Durham. This case was referred to the undersigned for pretrial management on June 26, 2019. ECF No. 10. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** the case **without prejudice** because Durham failed to timely serve Defendants.

### I.   BACKGROUND

Durham, who is proceeding *in forma pauperis*, filed suit against Defendants, alleging "wrongful termination of an employee with disability" and asking for "2.5 million for medical, legal, lost wages, def [sic] of character." ECF No. 1 at 4. By Order entered on May 23, 2019, United States District Judge Reed O'Connor directed the Clerk of Court to deliver summons forms with a copy of the order to Durham to complete and return to the Clerk for issuance. ECF No. 8. The file reflects that on May 23, 2019, the Clerk of Court emailed the forms to Durham at the email address provided. Durham failed to complete and return the summons forms.

On September 4, 2019, the undersigned entered an Order notifying Durham of her failure to return the summons forms and extending time for service. ECF No. 12. The undersigned set a deadline of October 4, 2019 for Durham to either serve Defendants or show good cause for the failure to serve. *Id.* Durham failed to comply with the Order.

## II.  LEGAL STANDARD AND ANALYSIS

The plaintiff is responsible for having the summons and complaint served upon the defendants within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citation omitted) (emphasis in original).

Here, Durham failed to timely serve Defendants. Durham filed the Complaint on May 17, 2019. Judge O'Connor entered an Order on May 23, 2019 directing the Clerk of Court to provide summons forms to Durham and requiring her to return the forms to the Clerk for service. On September 4, 2019, the undersigned entered an Order extending time for service. In the Order, the undersigned set a deadline of October 4, 2019 for Durham to either serve Defendants or show good cause for her failure to serve. Durham did not meet this deadline.

### III. RECOMMENDATION

Because Durham failed to serve Defendants as required by law and as ordered by the Court, the undersigned recommends that United States District Judge Mark T. Pittman **DISMISS** this case **without prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on **October 25, 2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE